United States District Court
Southern District of Texas
**ENTERED**
September 30, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ALBERT SHANE LESTER | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00263 |
| | § | |
| STEVEN A. FLORES, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING IN PART MEMORANDUM & RECOMMENDATION AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Before the Court is Magistrate Judge Mitchel Neurock's Memorandum and Recommendation ("M&R"). (D.E. 118). Judge Neurock recommends that the Court grant Defendant's motion for summary judgment on qualified immunity.

The Court agrees with much of Judge Neurock's well-reasoned analysis but finds that Defendant waived summary judgment on qualified immunity by conceding that "genuine issues of material fact exist as to whether Defendant used excessive force" against Plaintiff. *Id.* at 2–3 . And even if Defendant did not waive summary judgment, the Court would deny his motion on the merits. The Court agrees with Judge Neurock that there is a genuine fact dispute regarding Defendant's violation of Plaintiff's constitutional rights but disagrees that Plaintiff fails to show that the law was clearly established at the time of the alleged violation. *See id.* at 23.

Accordingly, the Court **ADOPTS in part** and **DECLINES TO ADOPT in part** the M&R, (D.E. 118), and **DENIES** Defendant's motion for summary judgment, (D.E. 103).

## I. Background

This Section 1983 action was referred to Judge Neurock consistent with the Court's standing referral order. *See* Special Order V-2023-5. Judge Neurock recounted the procedural

history of this case, Plaintiff's factual allegations, Defendant's motion and evidence, and Plaintiff's response and evidence. *See* (D.E. 118, p. 1–9). The Court fully **ADOPTS** and incorporates those portions of the M&R. *Id.*

Plaintiff filed timely objections to the M&R on April 9, 2026. (D.E. 121). He argues that Judge Neurock made three errors: (1) disregarding Defendant's summary judgment waiver; (2) applying an overly stringent standard when determining whether the law was clearly established at the time of the incident; and (3) misapplying case law when determining the obviousness exception did not apply. *Id.* at 1–2.

Defendant also filed timely objections to the M&R on April 9, 2026. (D.E. 122). Defendant argues that he did not waive summary judgment and that the alleged force and resulting injury were *de minimis*. *Id.* at 2–7.

## II. Standard

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). Objections that merely re-urge arguments contained in the original briefing are not proper and will not be considered. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993). Moreover, "[f]rivolous, conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 842 F.2d 419, 421 (5th Cir. 1987) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n. 8 (5th Cir.1982) (en banc)). As to any portion for which no objection is filed, a district court reviews the M&R for clearly erroneous factual findings and conclusions of law. *United States v.*

*Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam).

The Court fully **ADOPTS** and incorporates Judge Neurock's recitation of the legal standards applicable to Defendant's motion for summary judgment. (D.E. 118, p. 9–15).

**III. Analysis**

Judge Neurock's M&R addresses waiver before turning to the merits of Defendant's motion for summary judgment. *Id.* at 15. The Court will do the same.

**A. Defendant waived summary judgment.**

Defendant unambiguously waived summary judgment in November 2024. Defendant filed an advisory shortly before the dispositive motion deadline conceding that "genuine issues of material fact exist as to whether or not there was excessive force used against Mr. Lester on June 19, 2023. As a result, Officer Flores does not intend to file a dispositive motion and prays that this case will proceed to trial." (D.E. 51, p. 2). The waiver binds Defendant even though a different lawyer in the Texas Attorney General's Office took over the case and filed the instant motion for summary judgment. *See Nguyen v. Versacom, LLC*, No. 3:13-CV-4689, 2016 WL 7426126, at *3 (N.D. Tex. Dec. 23, 2016) ("[A] recent change of counsel does not entitle [a party] to attempt to undo the strategic choices made by their prior counsel.") (Fitzwater, J.).

In his objections, Defendant suggests the prior waiver was "merely meant to inform the court that at that time, with the documents possessed, a motion for summary judgment did not seem prudent." (D.E. 122, p. 2). But Defendant's suggestion is contrary to the waiver's text. As Judge Neurock notes, the waiver outlines Plaintiff's allegations, considers the applicable case law for an excessive force claim, and states unequivocally that there are genuine fact disputes and the case should proceed to trial. (D.E. 118, p. 17) (quoting D.E. 51, p. 2). Thus, rather than merely informing the Court regarding the prudence of a particular litigation strategy, the waiver is an

intentional relinquishment of Defendant's right to file a motion for summary judgment. *Id.* (citing *United States v. Olano*, 507 U.S. 725, 733 (1991)).

The Court sees no reason not to enforce the waiver. Although courts may have a general preference for resolving cases at the summary judgment stage and an obligation to resolve qualified immunity as early as possible, *see id.* at 19–20, the Court found no case law suggesting those principles require the Court to set aside a knowing, express waiver. And efficiency concerns alone are not enough. Furthermore, the Court is concerned that disregarding the waiver here may incentivize future gamesmanship with respect to waivers. The Court is not suggesting Defendant engaged in gamesmanship here. There is nothing in the record to suggest Defendant's decision to file a motion for summary judgment after waiving it was anything other than a strategic choice made by new counsel. But Defendant represented to the Court that fact issues precluded summary judgment, and the Court will hold Defendant to that representation.

**B. Even if Defendant had not waived summary judgment, he is not entitled to summary judgment on the merits.**

The Court agrees with Judge Neurock that there is a genuine fact dispute regarding Defendant's violation of Plaintiff's constitutional rights but disagrees that Plaintiff fails to show that the law was clearly established at the time of the alleged violation. *See* (D.E. 118, p. 23). The Court takes each in turn.

*i. Constitutional Violation*

Judge Neurock found that there is a genuine fact dispute as to whether Defendant violated Plaintiff's constitutional rights. *See id.* at 21–31. After reviewing this portion of the M&R *de novo*, the Court agrees with Judge Neurock's analysis and **ADOPTS** and incorporates it in full. *Id.*; *see also Habets v. Waste Mgmt., Inc.*, 363 F.3d 378, 382 (5th Cir. 2004) (affirming a district court's two-sentence order adopting a magistrate's recommendation for summary judgment).

Accordingly, the Court proceeds to the second prong of qualified immunity.

*ii. Clearly Established*

Judge Neurock found that Plaintiff failed to show Defendant's alleged constitutional violation was clearly established. (D.E. 118, p. 31–42). After reviewing this portion of the M&R de novo, the Court concludes that Plaintiff carries his burden to show that Defendant's alleged constitutional violation was clearly established at the time it occurred.

Plaintiff must show "that the law was 'sufficiently clear' at the time 'that every reasonable official would have understood that what he was doing violated that [Plaintiff's rights].'" *Batyukova v. Doege*, 994 F.3d 717, 726 (5th Cir. 2021) (quoting *Mullenix v. Luna*, 577 U.S. 7, 11 (2015)). There are two ways Plaintiff can show the law was clearly established: (1) identify a specific case or body of relevant case law where a court found an officer acting under similar circumstances violated the Constitution; or (2) show this is a rare case where the unlawfulness of the officer's conduct is so obvious that it is sufficiently clear that he violated Plaintiff's constitutional rights even though existing precedent does not address similar circumstances. *Id.* (citations omitted). The Court will address both avenues.

<u>a. Plaintiff identifies a case or body of case law where an officer acting under similar circumstances violated the Constitution.</u>

Plaintiff points to sufficient case law similar enough to clearly establish Defendant's constitutional violation, assuming it is borne out at trial. "This approach 'do[es] not require a case directly on point,' but 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Id.* (alteration in original) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)). In an excessive force case, "officers are entitled to qualified immunity unless existing precedent 'squarely governs' the specific facts at issue." *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13 (2015)).

Plaintiff cites multiple in-circuit cases holding that "unprovoked discharge of a chemical agent on an inmate is a constitutional violation that is clearly established." (D.E. 121, p. 11). Plaintiff starts with *Hensley v. Thompson*, Civ. No. 18-877, 2022 WL 636049, (M.D. La. Feb. 11, 2022) (Johnson, Mag. J)., *R&R adopted*, 2022 WL 628533 (M.D. La. March 3, 2022) (Dick, J.). In *Hensley*, the court found "it was clearly established that an officer may not use chemical spray on an inmate without provocation or any reason for the use of the spray." *Id.* at *4. As Plaintiff notes, the constitutional allegation in *Hensley* is nearly identical to the one here—the plaintiff claimed that the defendant sprayed him with a chemical agent in his cell for no reason, and that prior to defendant spraying him, the plaintiff had not spoken at all. (D.E. 121, p. 11) (citing *Hensley*, 2022 WL 636049 at *1).

Plaintiff also cites *Jones v. Gooden,* No. CV 21-372-BAJ-EWD, 2025 WL 1913376 (M.D. La. Feb. 24, 2025) (Wilder-Doomes, Mag. J.), *R&R adopted*, 2025 WL 1795115 (M.D. La. June 30, 2025) (Jackson, J.), which cites *Hensley* in finding "it was clearly established at the time of the violation that an officer could not spray chemical agent on a compliant inmate with no justification for the use of force." *Id.* at *3. *Jones* is also nearly identical to the instant case—the plaintiff alleged he was sprayed with chemical agent even though he was compliant and defendant was aware plaintiff had a "medical duty status preventing the use of chemical agents against him." *Id.* at *4.

Finally, and most persuasively, Plaintiff cites *Rivens-Baker v. Collier*, No. 2:23-CV-00334, 2025 WL 642927 (S.D. Tex. Jan. 17, 2025) (Hampton, Mag. J.), *M&R adopted*, 2025 WL 642051 (S.D. Tex. Feb. 27, 2025) (Morales, J.). There, Judge Hampton found that "the law was clearly established that prison official's application of a force in a malicious or sadistic fashion to cause harm constituted excessive force in violation of the Eighth Amendment." *Id.* at 8. She also noted that while "general statements of legal principles not tethered 'to analogous or near analogous facts

are not sufficient to establish a right clearly in a given context,'" it has been recognized by "the Fifth Circuit and a 'robust consensus' of persuasive authority . . . that a prison official's use of force –including the use of a chemical spray –without provocation on a compliant and restrained inmate supports Eighth Amendment excessive force claims." *Id.* at *7–8 (citation modified). This Court adopted Judge Hampton's M&R in full. *See* 2025 WL 642051.

The Court acknowledges that *Rivens-Baker* was decided after the alleged constitutional violation occurred in this case. Nonetheless, this Court previously held—in adopting Judge Hampton's M&R—that a robust consensus of persuasive authority existed as of early 2022 that a prison official's use of a chemical spray without provocation was a constitutional violation. 2025 WL 642927, at *8 (citing *Cowart v. Erwin*, 837 F.3d 444, 452 (5th Cir. 2016); *Winguard v. Louisiana through Dep't of Pub. Safety & Corrs.*, 594 F. Supp. 3d 704, 726 (M.D. La. 2022) (Wilder-Doomes, Mag. J.); *Hensley*, 2022 WL 636049, at *4). The alleged violation in this case occurred in June 2023. (D.E. 118, p. 4–5). Thus, the robust consensus of authority discussed in *Rivens-Baker* pre-dates the alleged violation here. The Court sees no reason to depart from its earlier ruling in *Rivens-Baker*. The alleged violation was clearly established then, and it remains so now.

Taken together, the cases above establish a "robust consensus of persuasive authority." *Al-Kidd*, 563 U.S. at 741–42. Again, Plaintiff does not need to identify a case directly on point—though, arguably, he has identified three. Rather, he must point to cases that gave Defendant "reasonable warnings that the conduct at issue violated constitutional rights." *Batyukova*, 994 F.3d at 726. If a jury ultimately concludes that Defendant violated Plaintiff's constitutional rights, then the violation was clearly established as a matter of law.

b. The unlawfulness of the Officer's alleged conduct is so obvious that it is clearly established even without case law.

At this stage, the Court views the evidence in the light most favorable to Plaintiff. *See* (D.E. 118, p. 41). Judge Neurock recounts Plaintiff's evidence, as it relates to obviousness, as follows:

> [Plaintiff] was asleep in the CDO cage, presenting no threat to anyone, when Defendant kicked his cage, asked him whether he was "still talking that shit" and sprayed him, and then failed to report having done so. Taking the facts in the light most favorable to Plaintiff as the nonmovant, Defendant gratuitously sprayed Plaintiff with a chemical agent. Competent summary judgment evidence also indicates that this spraying was done not for any legitimate reason but rather out of malice: there was no resistance, no disobedience or argument occurring, no larger disturbance to quell. Plaintiff was asleep in his cage, alone and quiet.

*Id.* The Court agrees with Judge Neurock that "[i]t is hard to imagine that any reasonable officer could have possibly thought in 2023 that gratuitously pepper-spraying an inmate in a situation like this case was permissible[.]" If proven at trial, Defendant's use of force meets the "sky high" obviousness standard. *Joseph ex rel. Est. of Joseph v. Bartlett*, 981 F.3d 318, 328 (5th Cir. 2020); *see also Newman v. Guedry*, 703 F.3d 757 (5th Cir. 2012) (finding the obviousness exception applies where Plaintiff "committed no crime, posed no threat to anyone's safety, and did not resist the officers or fail to comply with a command.").

## IV. Conclusion

After considering Plaintiff's and Defendant's objections to the M&R and reviewing the M&R de novo, the Court **SUSTAINS in part** Plaintiff's objections, (D.E. 121), **OVERRULES** Defendant's objections, (D.E. 122), and **ADOPTS in part** and **DECLINES TO ADOPT in part** the findings and conclusions of the M&R, (D.E. 118), as set out above. Accordingly, the Court **DENIES** Defendant's motion for summary judgment. (D.E. 103).

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
September 30, 2026